405 A.2d 512

**COMMONWEALTH of Pennsylvania ex rel. Anna Mae Ondrusek ZIMMERMAN**

v.

**Raymond A. ZIMMERMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 19, 1979.

Decided May 25, 1979.

Robert Sullivan, Jr., Lebanon, for appellant.

Robert C. Rowe, Lebanon, for appellee.

Before VAN der VOORT, HESTER and WIEAND, JJ.

HESTER, Judge:

Presently before the court is appellant's appeal from the order of the lower court dated March 31, 1978, wherein it was found that appellee and appellant were married and appellant therefore owed a duty of support to the appellee.[1]

This action was initiated by appellee's filing of a complaint for support for herself in the Court of Common Pleas, Criminal Division, on September 23, 1977. Appellee represented in her complaint "That the (Appellee) and (Appellant) were married on Common Law Marriage lived together for 9 years (August, 1968)" (sic) (T–1a).

On October 18, 1977, the lower court convened a hearing and took testimony on the issue of whether appellee is the common law wife of the appellant herein; for if she is, she would be entitled to support.

On March 31, 1978, the lower court issued its order and accompanying opinion wherein it found "That a common law

---

1. The full text of the order provides:

"AND NOW, to wit, March 31, A.D., 1978, having found that Anna Mae Ondrusek Zimmerman and Raymond A. Zimmerman, Jr. are married and Raymond A. Zimmerman, Jr. owes a duty and obligation under the laws of this Commonwealth to support his wife, we shall entertain a motion to fix a hearing at which time we shall determine in what amount that obligation shall be satisfied.

        BY THE COURT

/s/  G. Thomas Gates    P.J.

       G. Thomas Gates"

Parenthetically, we must assume that the lower court has never entertained a motion to fix a hearing at which time the court would determine the amount of support owed.

marriage is supported by the record and, therefore, (appellant) owes a duty to support (appellee)." (T–41a).

On April 28, 1978, the instant appeal was taken from said order, invoking the jurisdiction of this court pursuant to the Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, No. 223, art. III, § 302, 17 P.S. § 211.302.

Appellee has not seen fit to file a petition to quash the instant appeal.

Section 211.302 of said Act provides:

§ 211.302 Appeals from courts of common pleas.

The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any section of this act within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.

We find that the lower court order dated March 31, 1978 is not a final order as defined in the aforementioned Act; but rather is interlocutory in nature and hence non-appealable. We shall therefore quash the instant appeal *sua sponte.*

Appeal quashed and this matter is hereby remanded to the lower court for the purpose of determining the amount of support to which appellee is entitled.